## ALDRICH *v.* MONROE.

The failure to adopt a known and uniform usage among travellers in the management of loaded teams upon a steep part of the highway is competent evidence of negligence.

CASE, for damages from a defective highway. The plaintiff's horses, attached to a heavily loaded wagon, were thrown down and injured while passing down a steep hill upon the highway. The defendant claimed that the plaintiff was not in the exercise of ordinary care in not chaining his wagon-wheel before descending the hill. At a trial before the referee, evidence of the custom of persons for many years travelling upon the hill with loaded teams to chain their wheels was excluded, subject to the defendant's exception.

*Carpenter*, for the defendant.

*E. W. Farr*, for the plaintiff.

ALLEN, J. The question whether the plaintiff at the time of the accident was in the exercise of ordinary care, was a question of the care of men of ordinary prudence, that is, of men in general. *Tucker* v. *Henniker*, 41 N. H. 317. Conduct in the management of teams, of a character so uniform as to become usage, would include the average conduct of mankind in that particular within the locality where the usage prevailed, and a departure from such usage, when known, would be evidence of a want of ordinary care. If the plaintiff knew the prevailing usage, as to chaining wheels upon a loaded wagon in descending the hill, when he met with the injury (residing or doing business in that vicinity he was presumed to know), a failure on his part to adopt the usage was evidence of

negligence. The usage being material, it was competent to show it, and the exclusion of evidence upon that point was error.

*Referee's report set aside.*

STANLEY, J., did not sit: the others concurred.